J-S24010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REINALDO CORREA | : | |
| | : | |
| Appellant | : | No. 1283 MDA 2017 |

Appeal from the PCRA Order June 19, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001330-1998,
CP-22-CR-0002907-1998

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 03, 2018**

Appellant, Reinaldo Correa, appeals *pro se* from the order denying his third petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, entered on June 19, 2017.  We affirm.

The factual background and procedural history of this case are as follows.  On November 6, 1998, Appellant pled guilty to a general charge of homicide.  On November 16, 1998, a panel of judges on the Court of Common Pleas of Dauphin County adjudged Appellant guilty of first-degree murder and sentenced him to life in prison.  Appellant's plea arose from his involvement in the murder of Lenny Borelli, which we previously summarized as follows:

> Appellant told police that on March 3, 1998, he was a passenger in a car being driven by the victim, Lenny Borrelli, when a shot was fired at the car and Appellant felt "glass all over my face and neck."  Appellant was unable to ascertain the origin of the bullet. [Mr. Borrelli] stopped the car, which he and Appellant exited.

> After Mr. Borrelli removed glass from Appellant's face and neck, they started to leave the area. Appellant told police that he and [Mr. Borrelli] then "started walking towards the sidewalk. I had the gun in my hand, and I shot him." While Appellant was unable to explain his motivation for shooting Mr. Borrelli, the Commonwealth adduced proof that Appellant fired five bullets into [Mr. Borrelli's] head at close range, and that there was acrimony between Mr. Borrelli and Appellant based on past drug dealings.

*Commonwealth v. Correa*, 53 A.3d 944, at 2 (Pa. Super. 2012) (unpublished memorandum) (citations omitted).

Following restoration of Appellant's direct appeal rights, this Court affirmed his judgment of sentence on September 11, 2002. *Commonwealth v. Correa*, 813 A.2d 901 (Pa. Super. 2002) (unpublished memorandum). Thereafter, Appellant filed an untimely PCRA petition on March 17, 2004, which the PCRA court dismissed. We subsequently vacated that dismissal order and remanded the matter due to the failure to appoint counsel. After counsel was appointed, Appellant filed another PCRA petition which was dismissed as untimely. We affirmed that dismissal order on June 17, 2009. *Commonwealth v. Correa*, 981 A.2d 309 (Pa. Super. 2009) (unpublished memorandum).

Appellant filed a subsequent petition for collateral relief on February 14, 2011. After the PCRA court dismissed that petition, Appellant amended his filing, which the PCRA court also denied. On June 29, 2012, this Court affirmed both dismissal orders by the PCRA court.

Appellant initiated the current PCRA proceedings by filing a *pro se* petition on August 25, 2016. Counsel was appointed on September 15, 2016.

On February 28, 2017, counsel petitioned for leave to withdraw and filed a "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On May 18, 2017, the trial court granted counsel's petition and issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response on June 12, 2017. On June 18, 2017, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed.[1]

Appellant raises three issues on appeal:

1. [Did the trial court err in denying Appellant's request for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1?]

2. [Did the trial court err in dismissing Appellant's PCRA petition as untimely pursuant to 42 Pa.C.S.A. § 9545(b), since that statute was enacted unconstitutionally?]

3. [Did the trial court err in dismissing Appellant's PCRA petition as untimely since Appellant's claims fall within the statute's timeliness exceptions provided for in 42 Pa.C.S.A. § 9545(b)(i-iii)?]

Appellant's Brief at 17.

In his first claim, Appellant asserts that the PCRA court erroneously rejected his application for DNA testing. Contrary to Appellant's claim, however, our review of the record reveals that Appellant never filed a motion

---

[1] Appellant filed notice of appeal on July 19, 2017. Trial court ordered Appellant to file concise statement of errors complained of on appeal pursuant to Pa.R.A.P 1925(b) on August 24, 2017. Appellant filed his concise statement on September 25, 2017, and the trial court filed a memorandum in lieu of opinion pursuant to Pa.R.A.P. 1925(a) on October 11, 2017.

for post-conviction DNA testing before the PCRA court. In fact, the issue of DNA testing was initially raised before the PCRA court in counsel's **Turner/Finley** letter. There, counsel, in response to communications from Appellant, explained that Appellant did not meet several eligibility criteria for biological testing. In his *pro se* response, Appellant argued that he was entitled to a hearing to resolve disputed facts surrounding his desire for DNA testing.

Under the PCRA, an individual convicted of a crime in Pennsylvania and serving a sentence of imprisonment or awaiting execution of a death sentence "may apply [for post-conviction biological testing] by making a written motion to the sentencing court for the performance of forensic DNA testing on specific evidence that is related to the investigation or prosecution that resulted in the judgment of conviction." 42 Pa.C.S.A. § 9543.1(a)(1). Because PCRA counsel's **Turner/Finley** letter and Appellant's *pro se* response do not constitute the formal, written application referred to in § 9543.1(a)(1), Appellant is not entitled to appellate review of his initial claim. **See** Pa.R.A.P. 302(a) (appellant cannot raise a claim for the first time on appeal).

Appellant argues in his second issue that the one-year time limit for PCRA petitions, established by 42 Pa.C.S.A. § 9545(b), is unconstitutional and that its provisions conflict with 42 Pa.C.S.A. § 9543(b), which provides, without a specific limit, that a petition can be dismissed if the delay in filing would prejudice the Commonwealth. These claims are without merit. Our

Supreme Court has held that the PCRA's one-year time limit is constitutional. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Hence, no relief is due.

Finally, Appellant asserts that his PCRA petition was erroneously dismissed as untimely, since his claims satisfy the governmental interference and newly-discovered facts exceptions to the PCRA's time bar. PCRA time restrictions are jurisdictional in nature and a court cannot hear an untimely petition[2] unless the petitioner can establish one of three exceptions:

> (i)   The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

We initially note that Appellant's PCRA petition is patently untimely. As our prior decisions in this case have established, Appellant's judgment of

---

[2] *See Commonwealth v. Burton*, 158 A.3d 618, 627 (Pa. 2017).

sentence became final on October 11, 2002, and he had until October 13, 2003 to file a timely PCRA petition.[3] Therefore, Appellant can only proceed if he properly invokes one of the timeliness exceptions found at § 9545(b). **See Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2011).

Appellant attempts to establish the governmental interference exception in several ways. Appellant first argues that his judgment of sentence was never valid because it was not properly entered on the docket following its pronouncement in open court. Thus, according to Appellant, his appeals process was invalid, and by entertaining his appeals, government officials (*i.e.* the courts) interfered with his proper understanding of the appellate process and how to present his claims. This argument is without merit. Pa.R.A.P. 903(c)(3) states that a judgment of sentence imposed in open court constitutes a final order, and it is uncontested that Appellant was sentenced to life in prison in open court. Hence, Appellant's claim that his judgment of sentence was not properly entered is meritless.

Appellant next contends that the courts interfered with his ability to bring an illegal sentence claim by entertaining his appeals following the entry of an invalid plea. Here, Appellant argues that his plea was invalid because he unknowingly waived his right to a jury trial. Specifically, Appellant claims that he was not informed that all twelve jurors would have to find him guilty.

---

[3] Appellant was given until October 13, 2003 instead of October 11, 2003 because the 11th was a Saturday.

Appellant theorizes that the courts, by entertaining his appeals, misled him into believing that his sentence was valid and thereby interfered with the presentation of his collateral claims.

To establish the governmental interference exception, the petitioner must prove that government officials violated the Constitution or laws of either Pennsylvania or the United States. 42 Pa.C.S.A. § 9545(b)(1)(i). Courts do not violate the law by adjudicating appeals. Furthermore, Appellant fails to develop his claim by providing specific allegations of illegal conduct, which is required to establish the governmental interference exception. **See** **Commonwealth v. Albrecht**, 994 A.2d 1091, 1095 (Pa. 2010) ("Appellant fails to show any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement."); **Commonwealth v. Puksar**, 951 A.2d 267, 293-294 (Pa. 2008) (failure to develop claim waives it).

Appellant's final government interference claim is that the Dauphin County District Attorney's office and the Dauphin County Forensic Laboratory interfered with Appellant's ability to obtain DNA testing. Appellant alleges that the district attorney coerced him into believing that blood samples taken from him during the initial investigation of his case were never tested because the source deposit was too small.[4] Appellant contends that this coercion

---

[4] Appellant alleges earlier in his brief that it was his trial counsel who told him this.

- 7 -

prevented him from learning of other methods of DNA testing and of DNA testing policies which terminate the testing process once a confession is obtained. This interference, as well as Appellant's subsequent prison term, prevented Appellant from learning of other methods of DNA testing and of DNA testing policies until he attended a legal seminar in prison.

These contentions do not establish a cognizable governmental interference claim. Appellant does not specify any illegal actions taken by the district attorney or the Dauphin County Forensic Laboratory. Instead, Appellant makes only a bald assertion of coercion, and it is not illegal to forgo a DNA test, or pursue a policy which stops testing if a confession is obtained.

Appellant's related newly-discovered facts claim also fails. The exception requires that Appellant establish the **facts** upon which the claim is based were unknown to him, and that they could not have been obtained through due diligence. ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (emphasis added). Simply put, Appellant is not alleging any new exculpatory facts upon which a claim could be based. Appellant asserts only that he has become aware of the existence of new DNA testing technology which could produce DNA test results.[5] The development of new technology, by itself, does not contradict previous test results, and Appellant does not

---

[5] Although Appellant does not specify, presumably he mentions these new technologies because they are capable of testing smaller amounts of DNA.

challenge the validity of previously used DNA testing techniques or explain how or why new tests would produce exculpatory results.[6] In fact, Appellant admits that DNA test results were never produced by the Commonwealth and were not used against him to induce his plea. Since Appellant cannot successfully petition the court for post-conviction DNA testing[7] and since he has failed to show how new DNA testing techniques would be likely to produce new, exculpatory facts, Appellant cannot invoke the newly-discovered facts exception.

Lastly, Appellant argues in his brief that PCRA counsel was ineffective. Here, Appellant contends simply that PCRA counsel's flawed legal analysis led the court to dismiss Appellant's petition. Essentially, Appellant's claim of ineffectiveness is that his appointed PCRA counsel did not agree with his view of the issues. As explained above, we find Appellant's underlying issues lack

_____

[6] In **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017), our Supreme Court held that an admission by the FBI, which cast doubt upon the validity of a microscopic hair analysis technique, constituted a newly-discovered fact. The Court used this holding to extend PCRA relief based on the newly-discovered facts exception in **Commonwealth v. Edmiston**, 179 A.3d 447 (Pa. 2018). Here, however, Appellant does not identify what new tests would be available or explain how or why new testing techniques would produce results that exonerate him.

[7] **See In re Payne**, 129 A.3d 546, 555-556 n.12 (Pa. Super. 2015) (citations omitted) ("Post-conviction DNA testing does not directly create an exception to § 9545's one-year time ban. Rather it allows for a convicted individual to first obtain DNA testing which could then be used within a PCRA petition to establish new facts in order to satisfy the requirements of an exception under 42 Pa.C.S.A. § 9545 (b)(2).")

arguable merit, and, therefore, Appellant's claim of ineffectiveness cannot stand. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (to prove ineffectiveness, petitioner must establish, among other things, that an underlying issue has arguable merit), *quoting* ***Commonwealth v. Burkett***, 5 A.3d 1260, 1271-72 (Pa. Super. 2010). Since Appellant did not present a written motion for DNA testing and since he did not properly invoke an exception to the PCRA's time-bar, no relief is due on Appellant's final claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018